12-3128-cr
*United States v. Candelario*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fourteen.

PRESENT:

> GUIDO CALABRESI
> JOSÉ A. CABRANES,
> DEBRA A. LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

> *Appellee,*

> > -v.-                                                      No. 12-3128-cr

RUFINO CANDELARIO,[*]

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**               LEO E. AHERN, Law Offices of Leo
                                          E. Ahern, New Haven, CT.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

**FOR APPELLEE:**                                    MICHAEL E. RUNOWICZ (Edward
Chang, *on the* brief), Assistant United
States Attorneys, *for* Deirdre M. Daly,
United States Attorney for the District
of Connecticut, New Haven, CT.

Appeal from the July 30, 2012 judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 30, 2012 judgment of the District Court be **AFFIRMED**.

Defendant-Appellant Rufino Candelario appeals from the July 30, 2012 judgment of the District Court convicting him, after a jury trial, of possessing more than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii)(II), and 18 U.S.C. § 2. Candelario challenges the sufficiency of the evidence on which the jury convicted. We assume familiarity with the factual and procedural history and the issue on appeal.

We review *de novo* a challenge to a jury verdict based on sufficiency of the evidence, viewing the evidence in the light most favorable to the government, and we will affirm if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), other quotations omitted); *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003) (citations omitted).

To convict Candelario, the jury had to find beyond a reasonable doubt that he "knowingly ha[d] the power and the intention . . . to exercise dominion and control over [the 500 grams or more of cocaine], either directly or through others," and intended to distribute that cocaine. *United States v. Navarrete*, 113 F.3d 1230 (2d Cir. 1997) (internal quotation marks omitted). On appeal, Candelario only contests the sufficiency of the evidence that he "possessed" the cocaine.

We conclude that there was more than enough evidence for a rational juror to convict. In particular, on December 18, 2010, police conducted a drug raid on a garage.[1] At the time of the raid, a Jeep owned by Candelario was in the garage, and Candelario was there with his wife, who had arrived in a different car. When the officers searched Candelario, they found three bags of cocaine on his person. An officer testified at trial that Candelario was extremely nervous, particularly when the officers approached the car, and repeatedly asked if his wife could take the Jeep. A search of the Jeep revealed a Gucci shopping bag containing four kilos of cocaine. Candelario's panicked requests that his wife be permitted to take the Jeep, which he owned, are sufficient for a jury to find possession in the form of "power and the intention . . . to exercise . . . control . . . either directly or

---

[1] Candelario does not challenge on appeal the actions taken by the police.

through others." *United States v. Paulino*, 445 F.3d 211, 222 (2d Cir. 2006) (internal quotation marks omitted). Accordingly, we conclude that Candelario's challenge to the sufficiency of the evidence is meritless.

## CONCLUSION

We have reviewed Candelario's arguments on appeal and, for the reasons set out above, we **AFFIRM** the July 30, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court